# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON A. CRAWFORD,

               **Plaintiff,**

      v.                                 Case No. 17-CV-512

RACINE COUNTY JAIL,

               **Defendant.**

## ORDER

Plaintiff Jason A. Crawford, who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that the Racine County Jail violated his constitutional rights. This order resolves Crawford's motion for leave to proceed without prepayment of the filing fee and screens his complaint.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that they pay an initial partial filing fee. On April 24, 2017, the court decided that Crawford lacks the means to pay an initial partial filing fee, so the court waived that requirement.

The court will grant Crawford's motion to proceed without prepayment of the filing fee. He must pay the filing fee over time as explained at the end of this order.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Complaint's Allegations*

Crawford alleges that on February 12, 2017, he was placed in a holding cell with cold air blowing all day, which resulted in a sore throat and constant shivering. Crawford also states that the lights were never turned off, making it impossible for him to sleep.

Shortly after being placed in the holding cell, he was sent to the hospital for a few days because of stomach issues. He returned to the Jail and was placed in general population. After about a week, Crawford (for unspecified reasons) swallowed a pencil. Crawford told the Jail staff and was seen by a nurse; he eventually was sent to the hospital for x-rays and a CT scan. The hospital could not find the pencil so it discharged him. Crawford insisted that he had swallowed a pencil, but the Jail staff did not believe him.

Crawford was placed back in the holding cell on twenty-three hour lockdown. As before, it was cold and the lights were constantly on. Crawford states that he told the Jail staff that he was claustrophobic and asked to be housed with people or moved to the medical unit, but they refused to move him. As a result of the stress, Crawford swallowed pieces of a plastic spork. Crawford told the Jail staff, but they didn't believe him at first. It took them five hours to get him to the hospital.

The hospital admitted Crawford in order to do a scope the next morning, but he was taken into surgery in the middle of the night because the surgeon said they could

not wait. During the surgery, the surgeon found the pencil. Crawford stayed in the hospital for about a week and then was released back to the Jail. The Jail staff placed Crawford back in the cold holding cell instead of in the medical unit; he was placed on suicide watch.

Crawford begged to go to the medical unit, but his request was refused. He then asked for materials to file a lawsuit. Again, the Jail staff refused and instead gave him eighteen days of discipline for defamation of character and attempting to degrade the reputation of the Jail.

Two weeks after surgery, with staples still in his stomach, Crawford began his discipline, which consisted of staying in the cold cell with the lights on all of the time. In addition, the Jail staff took his mattress for twelve hours a day, forcing him to lay on the concrete all day while he healed. Crawford asserts that he was in pain, but the Jail staff would not give him anything for the pain. He also asserts that he asked for a double mattress or thicker mattress at night, but the request was denied.

Crawford was eventually released and began to file formal complaints. He explains that he received responses to only four of his twenty-three complaints. He states that he cannot detail all of his complaints because the indigent writing kit (which took more than a month to arrive) does not provide him with enough paper.

*The Court's Analysis*

Crawford sues only one defendant: the Racine County Jail. The Jail is not a suable entity under § 1983 because it "is not a legal entity separable from the county government which it serves and is therefore not subject to suit." *See Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) (citing *Buchanan v. Kenosha*, 57 F.Supp.2d 675, 678 (E.D. Wis. 1999) (citing cases)); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992). Accordingly, Crawford cannot proceed with his lawsuit because he has not named a proper defendant. The court will allow Crawford to file an amended complaint to cure this deficiency.

Crawford appears to state three possible claims: 1) that officers were deliberately indifferent to his serious medical needs; 2) that officers were deliberately indifferent to the adverse conditions of his confinement; and 3) that officers retaliated against him when he tried to file a lawsuit. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the *individual* defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (emphasis added) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994)). In other words, because § 1983 makes public employees liable "for their own misdeeds but not for anyone else's," *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir.2009), Crawford must name as defendants those individuals who he believes

5

personally violated his constitutional rights by failing to respond to his serious medical needs.

Crawford indicates in his complaint that he does not know the names of the officers. If this is still the case, he may use John Doe or Jane Doe in place of the officer's actual name. If Crawford files an amended complaint and the court allows him to proceed on a claim against a Doe defendant, Crawford can use discovery to identify the Doe defendant's real name.

If Crawford chooses to file an amended complaint, he must do so by **June 23, 2017.** His amended complaint does not need to be lengthy, but he should be careful to provide the court with enough facts to answer to the following question: 1) Who was involved?; 2) What did each person do?; 3) Where did it occur?; and 4) When did it occur? In other words, Crawford's amended complaint must provide each defendant with notice of what he or she allegedly did to violate his rights. If Crawford does not file an amended complaint by the deadline, the court will dismiss this lawsuit based on his failure to diligently prosecute it. *See* Civil L.R. 41(c). If Crawford no longer wants to pursue this lawsuit, he does not need to take any further action.

The amended complaint must bear the docket number assigned to this case and be labeled "Amended Complaint." The amended complaint will take the place of the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054,

1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that, in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id*. at 1057 (citation omitted). If an amended complaint is received, the court will screen it pursuant to 28 U.S.C. § 1915A.

Finally, the court notes that Crawford has sent six letters to the court. This is not an appropriate way to communicate with the court. If Crawford wants the court to do something, he must file a motion so that the court is notified that he wants it to take action and so that the defendants have an opportunity to respond. Crawford must remember that the court's role is not to generally offer an opinion on the Jail's policies or manage its day-to-day practices. The court will respond only to issues related to the litigation of the claims in Crawford's amended complaint. The court also cautions Crawford that it is not permitted to provide him with legal advice, so it cannot help him with his questions about how to proceed in this litigation.

At this time, Crawford should focus on preparing his amended complaint. If he does so and the court allows him to proceed on his claims, he may communicate directly with the defendants' attorney. Crawford should seek help from the court only after he has first tried to resolve a dispute about the litigation with opposing counsel. Crawford should present any request he has that is unrelated to this lawsuit to the jail staff. Neither the court nor opposing counsel will be able to help with matters unrelated to this lawsuit.

## ORDER

**IT IS THEREFORE ORDERED** that Crawford's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **June 23, 2017**, Crawford shall file an amended complaint fixing the problems in the original complaint as described in this order. If Crawford does not file an amended complaint by the deadline, the court will dismiss this lawsuit.

**IT IS ALSO ORDERED** that the agency having custody of Crawford shall collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from the prisoner's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Crawford is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Crawford's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Crawford is confined.

**IT IS ALSO ORDERED** that Crawford shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Crawford is again advised that failure to make a timely submission will result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 22nd day of May, 2017.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge